## UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

## SHREVEPORT DIVISION

| | |
|---|---|
| JORDIE JAMES | CIVIL ACTION NO. 22-518-P |
| VERSUS | CHIEF JUDGE HICKS |
| CADDO CORRECTIONAL CENTER, ET AL. | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a civil rights complaint filed by pro se plaintiff Jordie James ("Plaintiff"), pursuant to 42 U.S.C. § 1983.  This complaint was received and filed in this court on February 17, 2022.  He is incarcerated at the Caddo Correctional Center in Shreveport Louisiana and claims his rights were violated by prison officials.  He names the Caddo Correctional Center, Sgt. Barnes, Sgt. Jones, and Sgt. Hayes as Defendants.

Plaintiff claims that on January 30, 2022, he told deputies that his two ankle restraints were too tight.  He claims Defendants told him to keep moving.  He claims that as he was going down the stairs, the restraints became tangled under his feet and he fell down the stairs.  He hurt his shoulder, hip, and ankle.  He was transported to LSU Medical Center.

Plaintiff seeks monetary compensation and his release from incarceration.  For the following reasons, Plaintiff's complaint should be dismissed.

## LAW AND ANALYSIS

**DEFENDANT**

Plaintiff names Caddo Correctional Center as defendant.  The defendant Caddo Correctional Center is not is not a proper defendant. Pursuant to 42 U.S.C. § 1983, only a "person" may be sued for the violation of an inmate's constitutional rights.  The Caddo Correctional Center is not a person within the meaning of this statute.  See, e.g., Castillo v. Blanco, 2007 WL 2264285, (E.D. La., Aug. 1, 2007) (finding that a state prison is not a person within the meaning of this statute).  See also Glenn v. Louisiana, 2009 WL 382680, (E.D. La., Feb. 11, 2009) (noting that "a jail is merely a building, not a 'person' subject to suit under 42 U.S.C. § 1983").

Accordingly, Plaintiff fails to state a claim upon which relief may be granted relative to the Caddo Correctional Center.

**CONDITIONS OF CONFINEMENT**

Plaintiff filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities" by a person acting under color of state law.  The particular right protected under 42 U.S.C. § 1983 in matters which concern alleged unconstitutional conditions of confinement is the Eighth Amendment prohibition against cruel and unusual punishment. Under the Eighth Amendment, prison officials are required to provide humane conditions of confinement, ensuring that inmates receive adequate food, clothing, shelter and medical care, and must

take reasonable measures to guarantee safety of inmates.  See Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970 (1994).

An Eighth Amendment claim has two required components. See Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324 (1991).  First, the deprivation alleged must be sufficiently serious. See id., 111 S. Ct. at 2324.  "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave" to constitute cruel and unusual punishment. Id., 111 S. Ct. at 2324 (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399 (1981)).  Second, the prison official must have acted with a sufficiently culpable state of mind. See id. at 305, 111 S. Ct. at 2328; Farmer, 511 U.S. at 838, 114 S. Ct. at 1979.  In prison condition of confinement cases, that state of mind is deliberate indifference, which the Supreme Court defined as knowing of and disregarding an excessive risk to inmate health or safety.  See id., 114 S. Ct. at 1979.  However, mere neglect and/or negligence do not constitute deliberate indifference.  See Fielder v. Bosshard, 590 F.2d 105, 107 (5th Cir. 1997).

After a thorough review of Plaintiff's complaint, read in a light most favorable to him, the court finds that the facts alleged do not support a finding that the defendants' conduct was sufficiently harmful enough to deprive him of life's basic necessities.  See Wilson, 501 U.S. at 298, 111 S. Ct. at 2324.

Plaintiff claims he tripped and fell down the stairs when his restraints became tangled under his feet.  The court finds that having an inmate walk down the stairs in restraints, even tight restraints, does not create a substantial risk of serious harm.

Furthermore, Plaintiff does not allege that any Defendant acted with deliberate indifference. He admits he was transported to LSU Medical Center after he fell. At most, Plaintiff alleges Defendants acted negligently. However, negligent injury does not amount to a constitutional violation merely because the victim is a prisoner. "Where a government official's act causing injury to life, liberty, or property is merely negligent, 'no procedure for compensation is constitutionally required.' "Daniels v. Williams, 474 U.S. 327, 333, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); Davidson v. Cannon, 474 U.S. 344, 347, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986). Although Defendants owe a special duty of care to those in their custody under state law, the Due Process Clause of the Fourteenth Amendment does [not] embrace such a tort law concept." Daniels at 335–36. Simple negligence does not state a claim for denial of due process in violation of the Fourteenth Amendment.

Thus, Plaintiff's claim has failed to satisfy the first and second component of an Eighth Amendment claim. Accordingly, Plaintiff's claim regarding the conditions of his confinement should be dismissed with prejudice as frivolous.

**HABEAS CLAIM**

Plaintiff also seeks his release from incarceration. Such relief is not available in a civil rights action. Carson v. Johnson, 112 F.3d 818, 820 (5th Cir.1997). Such relief is available, if at all, in a habeas corpus action. Plaintiff fails to state a claim for which relief may be granted pursuant to 42 U.S.C. § 1983.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed.  See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985).  District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact.  See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons heretofore stated, it is recommended that Plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e) and for failure to state a claim upon which relief may be granted.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 27th day of February, 2023.

Mark L. Hornsby
U.S. Magistrate Judge